*987 Viewing the evidence in the light most favorable to the defendant, there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented (see Bergamo v Verizon N.Y., Inc., 95 AD3d 916, 917 [2012]; Hammond v Diaz, 82 AD3d 839, 840 [2011]; Segal v City of New York, 66 AD3d 865, 866-867 [2009]). Furthermore, the verdict was based upon a fair interpretation of the evidence and, thus, was not contrary the weight of the evidence (see Bergamo v Verizon N.Y., Inc., 95 AD3d at 917; Hammond v Diaz, 82 AD3d at 840; Segal v City of New York, 66 AD3d at 867).
The plaintiff failed to establish that he was entitled to damages for noneconomic loss as a result of the subject motor vehicle accident, since he failed to prove that he sustained a serious injury as defined by Insurance Law § 5102 (d) (see Insurance Law § 5104 [a]). While the plaintiff is correct that he was not required to prove that he sustained a serious injury as defined by Insurance Law § 5102 (d) in order to recover for economic loss exceeding $50,000 that he incurred as a result of the subject motor vehicle accident (see Insurance Law § 5104 [a]), he nonetheless failed to prove that he sustained economic loss exceeding $50,000 as a result of the subject accident.
The plaintiff s remaining contentions are either unpreserved for appellate review or without merit.
The defendant’s remaining contention is not properly before this Court. Dillon, J.E, Dickerson, Austin and Miller, JJ., concur.